**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF NORTH CAROLINA**

| | |
|---|---|
| JON'TA TOMORREEA HAMPTON, | ) |
| Plaintiff, pro se, | ) **MEMORANDUM OPINION,** |
| | ) **ORDER AND** |
| v. | ) **RECOMMENDATION** |
| | ) |
| CITY OF DURHAM, | ) 1:10CV706 |
| | ) |
| Defendant. | ) |

Plaintiff, Jon'ta Tomorreea Hampton, has submitted a pro se complaint under 42 U.S.C. § 1983 and requested that he be permitted to proceed *in forma pauperis* pursuant to 28 U.S.C. § l915(a). Plaintiff names the City of Durham, North Carolina, as the only defendant. He claims that the City indicted him under the wrong name in violation of the "misnomer rule." This allegedly led to his conviction and imprisonment in violation of the United States Constitution, the Universal Declaration of Human Rights, and the "Peace and Friendship Treaty between Morocco and the United States of America." Plaintiff seeks nominal damages and an injunction ordering unspecified relief.

Because Plaintiff is "a prisoner seek[ing] redress from a governmental entity or officer or employee of a governmental entity," this court has an obligation to "review" this complaint. 28 U.S.C. § 1915A(a). "On review, the court shall . . . dismiss the complaint, or any portion of the complaint, if [it] – (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks

monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

As to the first basis for dismissal, the United States Supreme Court has explained that "a complaint, containing as it does both factual allegations and legal conclusions, is frivolous where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). "The word 'frivolous' is inherently elastic and not susceptible to categorical definition. . . . The term's capaciousness directs lower courts to conduct a flexible analysis, in light of the totality of the circumstances, of all factors bearing upon the frivolity of a claim." *Nagy v. Federal Med. Ctr. Butner*, 376 F.3d 252, 256-57 (4th Cir. 2004) (some internal quotation marks omitted).

The Supreme Court further has identified factually frivolous complaints as ones involving "allegations that are fanciful, fantastic, and delusional. As those words suggest, a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (internal citations and quotation marks omitted). In making such findings, this court may "apply common sense." *Nasim v. Warden, Md. House of Correction*, 64 F.3d 951, 954 (4th Cir. 1995).

Alternatively, a plaintiff "fails to state a claim upon which relief may be granted," 28 U.S.C. § 1915A(b)(1), when the complaint does not "contain sufficient

-2-

*factual matter*, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. ___, ___, 129 S. Ct. 1937, 1949 (2009) (emphasis added) (internal citations omitted) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of "entitlement to relief."'" *Id.* (quoting *Twombly*, 550 U.S. at 557). This standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* In other words, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*[1] The court may also anticipate affirmative defenses which are clear on the face of the complaint. *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Nasim*, 64 F.3d at 954 (4th Cir. 1995) (en banc) (court may apply common sense and reject fantastic allegations and/or rebut them with judicially noticed facts).

---

[1] Although the Supreme Court has reiterated that "[a] document filed *pro se* is to be liberally construed and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal citations and quotation marks omitted), the United States Court of Appeals for the Fourth Circuit has "not read *Erickson* to undermine *Twombly*'s requirement that a pleading contain more than labels and conclusions," *Giarratano v. Johnson*, 521 F.3d 298, 304 n.5 (4th Cir. 2008) (internal quotation marks omitted) (applying *Twombly* standard in dismissing pro se complaint). *Accord Atherton v. District of Columbia Off. of Mayor*, 567 F.3d 672, 681-82 (D.C. Cir. 2009) ("A *pro se* complaint . . . 'must be held to less stringent standards than formal pleadings drafted by lawyers.' But even a *pro se* complainant must plead 'factual matter' that permits the court to infer 'more than the mere possibility of misconduct.'" (quoting *Erickson*, 551 U.S. at 94, and *Iqbal*, 129 S. Ct. at 1950, respectively)), *cert. denied* ___ U.S. ___, No. 09-8739, 2010 WL 286406 (2010), *and cert. denied*, ___ U.S. ___, No. 09-889, 2010 WL 285700 (2010).

For the reasons that follow, this complaint should be dismissed pursuant to 28 U.S.C. § 1915A(b) because it is frivolous and because it fails to state a claim on which relief may be granted.

Plaintiff's primary goal in the filing of this suit appears to be to undermine his criminal conviction. Challenging a criminal conviction is an effort more appropriately undertaken through a habeas corpus action than one under Section 1983. In any event, Plaintiff is not permitted to file a suit undermining his conviction without first showing that such conviction had been reversed on direct appeal, expunged by Executive Order, declared invalid by a state tribunal, or, finally, called into question by a federal court through the issuance of a writ of habeas corpus. *Heck v. Humphrey*, 512 U.S. 477 (1994). Plaintiff fails to do so, and, therefore, dismissal is proper for this reason alone.

Plaintiff's claims are also frivolous. He asserts that the City in some way indicted him under the wrong name. It has long been the rule that such an error "does not render the indictment fatally defective" and that a defendant must object to the misnomer at the trial level or be deemed to have waived the defect. *See, e.g.*, *Lanckton v. United States*, 18 App. D.C. 348, 1901 WL 19188 (D.C. Cir. 1901). Moreover, Plaintiff seeks to raise claims under the Universal Declaration of Human Rights and the "Peace and Friendship Treaty between Morocco and the United States of America." He apparently intends to do this based on his citizenship in the Moorish American Nation, which is noted in the captions of his complaint and *in*

*forma pauperis* application.  As this court has observed, it is well-recognized in the courts that such organizations as the Moorish American Nation and the related or similar Washitaw Nation are:

> notorious organization[s] of scofflaws and ne'er-do-wells who attempt to benefit from the protections of federal and state law while simultaneously proclaiming their independence from and total lack of responsibility under those same laws. *Sanders-Bey v. United States*, 267 F. App'x 464, 466 (7th Cir.2008) (finding that "the Washitaw Nation . . . is not recognized by the United States government"); *Bybee v. City of Paducah*, 46 F. App'x 735, 736-37 (6th Cir.2002) (finding that the "Nation of Washitaw" is "fictional"); *United States v. Gunwall*, No. 97-5108, 1998 U.S.App. LEXIS 18596, at *11 (10th Cir. Aug. 12, 1998) (rejecting claim that the court had no jurisdiction over a member of the Washitaw as "frivolous"); *Bey v. Louisiana*, No. 08-cv-0250, 2008 WL 4072747 (W.D. La. July 11, 2008) (finding that plaintiff's claim to land as a member of the Washitaw was "patently frivolous" and rested on documents of "dubious legal significance"); *Great Seal Nat'l Ass'n of Moorish Affairs v. 46th Dist. Ct. of Oakland County*, No. 06-CV15625, 2007 U.S. Dist. LEXIS 3199, at *2 (E.D. Mich. Jan. 17, 2007) (dismissing claim that plaintiffs owned several parcels of property by virtue of their Moorish ancestry as "baseless, fantastic, and delusional" and finding the complaint to be "indecipherable"); *Khattab El v. U.S. Justice Dep't*, No. 86-6863, 1988 U.S. Dist. LEXIS 544, at *5 (E.D. Pa. Jan. 22, 1988) (holding that "the United States has not recognized the sovereignty of the Moorish Nation, thus precluding sovereign immunity claims").

*El-Bey v. United States*, No. 1:08CV151, 2009 WL 1019999 (M.D.N.C. Jan. 26, 2009) (unpublished).  Any claims or arguments raised by Plaintiff which are based on his membership in the Moorish American Nation are frivolous.

Plaintiff is therefore not entitled to further proceed as a pauper.  Plaintiff's request to proceed *in forma pauperis* should not be countenanced, with the

exception that *in forma pauperis* status shall be granted for the sole purpose of entering this Order and Recommendation.

Plaintiff has submitted a complaint for filing; however, and, notwithstanding the above determination, Section 1915(b)(1) requires that an initial payment be made if Plaintiff has the funds for such a payment. His *in forma pauperis* application reveals that he does not; however, Plaintiff must still agree that his funds be withheld until the full filing fee is paid. Failure to comply with this Order will lead to dismissal of the complaint.

**IT IS THEREFORE ORDERED** that *in forma pauperis* status be granted for the sole purpose of entering this Order and Recommendation.

**IT IS FURTHER ORDERED** that within twenty (20) days from the date of this Order Plaintiff complete and return the Consent to Collection form. Failure to comply with this Order will lead to dismissal of the complaint.

**IT IS RECOMMENDED** that this action be dismissed pursuant to 28 U.S.C. § 1915A for being frivolous or malicious or for failing to state a claim upon which relief may be granted.

_____
WALLACE W. DIXON
United States Magistrate Judge

September 22, 2010

ptf-ct1.frm
Section 1983-2/98

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

JON'TA TOMORREEA HAMPTON, )
)
        Plaintiff, pro se, )
)
      v. )    1:10CV706
)
CITY OF DURHAM, )
)
        Defendant. )

## CONSENT TO COLLECTION OF FEES FROM TRUST ACCOUNT

I, _____, prison number _____, hereby consent:

1. for the appropriate prison officials to collect or set aside from my account on a continuing basis each month, starting the month after this action was filed, an amount equal to 20% of each month's income or deposits for the payment of filing fees and costs of this action;
2. that collection shall continue even after my case is dismissed or otherwise decided until the full filing fee and any assessed costs are paid;
3. that I may not withdraw or use any part of these 20% monthly set asides except to pay the court;
4. that the court will order the Trust Officer (or similarly designated official ) to forward payments to the Clerk's Office, U.S. District Court, Post Office Box 2708, Greensboro, North Carolina 27402, until such time as the $350.00 filing fee and any assessed costs are paid in full; and
5. that I understand that <u>any violation</u> or noncompliance by me with the terms of this Consent shall result in the dismissal of the above entitled action with prejudice.

Date: _____     Plaintiff's signature: _____